Thomas S. Waldo
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK  99801-1145
Phone:  (907) 586-2751
Fax:  (907) 463-5891
Email: twaldo@earthjustice.org

Nathaniel S. W. Lawrence
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
Phone: (360) 570-9309
Fax: (360) 570-9310
Email: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, SOUTHEAST ALASKA CONSERVATION COUNCIL, SIERRA CLUB, NATIONAL AUDUBON SOCIETY, THE WILDERNESS SOCIETY, and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>            Plaintiffs,<br><br>      v.<br><br>UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; MARK REY, in his official capacity as Under Secretary of Agriculture; DENNIS E. BSCHOR, in his official capacity as Alaska Regional Forester; and FORREST COLE, in his official capacity as Forest Supervisor for the Tongass National Forest.<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. J03-029 CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Natural Resources Defense Council, et al. v.
U.S. Forest Service, et al.
J03-029 CV (JKS)

The parties submit this Joint Status Report pursuant to this Court's order of January 31, 2006 (Docket No. 99).

The issue before this Court is the appropriate relief during the period the Forest Service revises the Tongass Land Management Plan to correct the deficiencies identified by the Ninth Circuit. The Forest Service estimates that a Final Environmental Impact Statement and a Record of Decision for the plan revision will be completed about eighteen months from now.

The parties disagree about the appropriate scope of remedy in this action.

**Plaintiffs' position.** Plaintiffs in this action and in *Organized Village of Kake*, J04-029 CV (JKS) (D. Alaska), intend to seek an injunction that would, pending correction of the deficiencies identified by the Ninth Circuit, generally bar timber sales and associated roads in roadless areas of the Tongass and in areas important to the village of Kake for subsistence uses, while still allowing sufficient timber for the industry to continue logging at levels prevailing in the last five years. The Forest Service has recently offered several timber sales and road-building contracts in roadless areas that have not been the subject of any separate, site-specific legal challenges but would come within the scope of the plan-level injunction the plaintiffs will seek in this case. Plaintiffs believe that the plan-level injunction they propose is appropriate and necessary to ensure full relief for the plan-level violations found in this case.

**Defendants' position.** Defendants believe that plaintiffs can raise challenges to forest plans only within the context of specific timber sale projects and that relief in such actions is limited to the specific timber sale projects in the complaint of such actions. In light of the Ninth Circuit's decision in this action, the Forest Service has altered its timber sale schedule such that it will not sell timber pursuant to any of the timber sale projects in this action until after the signing

Natural Resources Defense Council, et al. v.
U.S. Forest Service, et al.
J03-029 CV (JKS)                                 1

of the new record of decision (ROD) on the Tongass Land Management Plant (TLMP).[1]  The Forest Service is willing to stipulate that it will not sell those sales prior to issuance of the ROD.  In defendants' view, such a stipulation eliminates the need for any further remedy proceedings in this action.

**Proposed Relief Proceedings.**  The parties propose to present their competing views through briefing on a motion by plaintiffs for permanent injunction.  The injunctive relief proceedings should take into account two related cases pending before this Court.

There are two cases pending before this court in addition to this consolidated case raising the same challenges to the Tongass Land Management Plan as those raised in this case.  Those cases are *Natural Resources Defense Council v. United States Forest Service*, (*NRDC III*), J04-010 CV (JKS) (D. Alaska), and *Organized Village of Kake v. United States Forest Service*, J04-029 CV (JKS) (D. Alaska).  Both of those cases also include counts beyond the plan challenges that were before the Ninth Circuit in this action.

In *NRDC III*, Count V has been fully briefed and awaits oral argument or decision.  In *Organized Village of Kake*, Counts V and IX have been partially briefed.  Plaintiffs have filed their opening brief and defendants and intervenor-defendants their opposition briefs on those counts.  Plaintiffs' consolidated reply brief is due March 10, 2006.

Because *NRDC III* and *Organized Village of Kake* contain counts beyond those considered by the Ninth Circuit, the parties do not propose consolidation of those cases with this action.  However, those cases raise the same challenges to the forest plan as this action.  The

---

[1] The one exception is the Madder/Buckdance sale and associated road project, which was the subject of an interim partial settlement between the parties.  The parties will attempt to resolve this issue without the Court's involvement.

Natural Resources Defense Council, et al. v.
U.S. Forest Service, et al.
J03-029 CV (JKS)                              2

parties agree that any deliberations regarding injunctive relief by virtue of the plan defects identified by the Ninth Circuit should include a consideration of any injunctive relief sought in those two actions. Federal defendants have already altered their sale schedule so that no timber from the projects specifically challenged in those complaints will be sold prior to signing of the new ROD.

The parties propose to accomplish the simultaneous consideration of injunctive relief (due to plan defects) in all three cases by filing separate motions for relief in the three cases using the same briefing schedule as proposed for this action. The motions in *NRDC III* and *Organized Village of Kake* would largely incorporate by reference (and as exhibits) the motion in this action to avoid redundancy.

The parties propose the following schedule:

March 8, 2006   Plaintiffs file motions for permanent injunction.

April 12, 2006   Defendants and intervenor-defendants file briefs in opposition to plaintiffs' motions.

April 26, 2006   Plaintiffs file reply briefs, unless plaintiffs seek discovery on factual materials relevant to allegations in opposition briefs. If plaintiffs seek discovery, the parties will submit a report to the Court proposing a schedule for discovery and reply brief.

In light of recent Forest Service road-building contracts in roadless areas, plaintiffs may also seek temporary injunctive relief before the Court enters a decision on permanent relief and may request shortened time on the request for temporary relief. Defendants and intervenor-defendants reserve the right to oppose any request for temporary relief or for shortened time.

Natural Resources Defense Council, et al. v.
U.S. Forest Service, et al.
J03-029 CV (JKS)                3

Respectfully submitted this 15th day of February, 2006,

/s/ Thomas S. Waldo

Thomas S. Waldo (ABA#9007047)
Eric P. Jorgensen (ABA#8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK  99801-1145
Phone:  (907) 586-2751
Fax:  (907) 463-5891
Email: twaldo@earthjustice.org

Nathaniel S. W. Lawrence
NATURAL RESOURCES DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
Phone: (360) 570-9309
Fax: (360) 570-9310
Email: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

/s/ Bruce M. Landon (consent)

BRUCE M. LANDON
Department of Justice
801 B Street, Suite 504
Anchorage, AK 99501-3657
Phone: (907) 271-5452
Fax: (907) 271-5827
Email: bruce.landon@usdoj.gov

*Attorney for Federal Defendants*

/s/ Steven W. Silver (consent)

STEVEN W. SILVER
Robertson, Monagle & Eastaugh
801 W 10th Street, Suite 300
Juneau, AK 99801
Phone: (907) 586-3340
Fax: (907) 586-6818
Email: ssilver628@aol.com

*Attorney for Intervenor-Defendants*

Natural Resources Defense Council, et al. v.
U.S. Forest Service, et al.
J03-029 CV (JKS)                                4

## CERTIFICATE OF SERVICE

I, Tom Waldo, certify that on February 15, 2006, a true and correct copy of the JOINT STATUS REPORT was served electronically to Bruce M. Landon, Kevin Saxby, Steve Silver, and Amy Gurton Mead. A courtesy copy was served by email to Tim Obst, USDA Office of General Counsel.

/s/ Thomas S. Waldo
Thomas S. Waldo

Natural Resources Defense Council, et al. v.
U.S. Forest Service, et al.
J03-029 CV (JKS)                 5