IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, *et al.*,<br>    Plaintiffs,<br>       v.<br>UNITED STATES FOREST SERVICE, *et al.*,<br>    Defendants. | Case No. 1:03-cv-0029-JKS |
| NATURAL RESOURCES DEFENSE COUNCIL, *et al.*,<br>    Plaintiffs,<br>       v.<br>UNITED STATES FOREST SERVICE, *et al.*,<br>    Defendants. | Case No. 1:04-cv-0010-JKS |
| ORGANIZED VILLAGE OF KAKE, *et al.*,<br>    Plaintiffs,<br>       v.<br>UNITED STATES FOREST SERVICE, *et al.*,<br>    Defendants. | Case No. 1:04-cv-0029-JKS |
| SOUTHEAST ALASKA CONSERVATION COUNCIL, *et al.*,<br>    Plaintiffs,<br>       v.<br>UNITED STATES FOREST SERVICE, *et al.*,<br>    Defendants. | Case No. 1:06-cv-0005-JWS |

SETTLEMENT AGREEMENT

The parties agree to this settlement agreement in full settlement of all issues in these actions relating to a determination of the appropriate remedy for the defects in the revised Tongass Land Management Plan (TLMP) found by the Ninth Circuit in *Natural Resources Defense Council v. United States Forest Service*, 421 F.3d 797 (9th Cir. 2005).

1. Plaintiffs agree that the existing timber sale and road construction contracts for the Lindenberg, Upper Carroll II, Skipping Cow, Red Mountain, Finger Point, and Midway timber sales may proceed. Plaintiffs agree not to seek an injunction against those contracts in this or other litigation. Plaintiffs further agree not to seek an injunction against existing Tongass roaded area timber sale contracts or associated road construction contracts listed on the attached document entitled "U.S. Forest Service, Alaska Region, Remaining Timber Sales Volumes and Values Through December 31, 2006," except for the "Kensington Gold Project" and "Kensington Settlement" sales, in this or other litigation.

2. Plaintiffs agree that the Mad-Buck II timber sale and associated road construction contracts may be sold and operated. Plaintiffs agree not to seek an injunction against the sale and contracts in this or other litigation.

3. The Forest Service will not sign new records of decision (RODs) or other decision documents for timber sales in inventoried roadless areas (as shown in the 2003 Final Supplemental Environmental Impact Statement for TLMP) or on Kuiu Island until 30 days after publication in the Federal Register of the notice of availability of the final environmental impact statement (FEIS) for the TLMP review process now underway unless the Forest Service designates a later effective date for the new plan, in which case the Forest Service will not sign new RODs or other decision documents for timber sales in inventoried roadless areas or on Kuiu

Island until the effective date designated by the Forest Service. For the Scratchings project, the Forest Service may complete an EIS that considers roaded and roadless options, but will not issue a decision document that authorizes logging or road construction in inventoried roadless areas until 30 days after publication in the Federal Register of the notice of availability of the FEIS for the TLMP review process now underway unless the Forest Service designates a later effective date for the new plan, in which case the Forest Service will not issue a decision document that authorizes logging or road construction in inventoried roadless areas until the effective date designated by the Forest Service. This provision does not affect decision documents for the Scratchings project that authorize logging exclusively outside of inventoried roadless areas.

4. The Forest Service will not offer any contracts for timber sales or for construction of timber-associated roads in inventoried roadless areas or on Kuiu Island until 30 days after publication in the Federal Register of the notice of availability of the FEIS for the TLMP review process now underway unless the Forest Service designates a later effective date for the new plan, in which case the Forest Service will not offer any contracts for timber sales or for construction of timber-associated roads in inventoried roadless areas or on Kuiu Island until the effective date designated by the Forest Service.

5. The Forest Service will withdraw the RODs for the following projects or portions of projects within 28 days after the District Court enters the last of the proposed judgments and orders of dismissal described in paragraphs 10-12: Canal Hoya, Crane Rowan, Finger Mountain, Northwest Baranof, Cholmondeley except for the "Cher" portion, Emerald Bay, Woodpecker 2003, Madan, and the Dolomi and South Arm portions of Chasina. The "Cher" portion of the

Cholmondeley ROD is defined as helicopter units 674-537, 674-548, 674-549, 674-550, 674-551, 674-583, 675-031, and 675-032.

For purposes of this agreement, by "withdraw the ROD," the parties mean that the ROD, but not necessarily the EIS upon which the ROD is based, will be withdrawn. The Forest Service will not reinstate a timber sale project ROD withdrawn under this agreement or otherwise issue a new decision in the place of a withdrawn ROD until 30 days after publication in the Federal Register of the notice of availability of the FEIS for the TLMP review process now underway unless the Forest Service designates a later effective date for the new plan, in which case the Forest Service will not reinstate a timber sale project ROD withdrawn under this agreement or otherwise issue a new decision in the place of a withdrawn ROD until the effective date designated by the Forest Service.

6. The Forest Service will withdraw the Johnson Mountain portion of the Chasina ROD and Cher portion of the Cholmondeley ROD, identified above, if two of the following three "roaded" area projects clear the administrative appeals process: Tuxekan, Scratchings, and the Scott Peak portion of Scott Peak/Bocephus/Todahl. The Forest Service will withdraw the specified portions of these RODs within 28 days after the second of these projects clears the appeals process. If the third of the three roaded area sales clears the appeals process, the Forest Service will withdraw the Orion North portion of the Sea Level ROD within 28 days after the third project clears the appeals process. For purposes of this agreement, "clear the appeals process" means an administrative appeal is not filed for the decision or any appeal filed is withdrawn or resolved by settlement prior to the decision on the appeal or expiration of the 45 day appeal resolution period. If the Johnson Mountain, Cher, and Orion North portions of their respective RODs are not withdrawn pursuant to this provision, the Forest Service will not offer

sales from or otherwise implement these projects until 30 days after publication in the Federal Register of the notice of availability of the FEIS for the TLMP review process now underway unless the Forest Service designates a later effective date for the new plan, in which case the Forest Service will not offer sales from or otherwise implement these projects until the effective date designated by the Forest Service.

7. Plaintiffs, defendants, and intervenors agree to work together in good faith to maximize industry benefits while minimizing conservation concerns from the three roaded area timber sale projects identified in the previous paragraph: Tuxekan, Scratchings, and Scott Peak. The Forest Service agrees to provide for at least one meeting for interested parties with the district ranger for those projects as soon as possible, and if practicable during the NEPA process. The goal of such meetings is to develop sales that industry would be interested in buying while at the same time minimizing the risk that the sales will be subject to appeals or litigation because of environmental concerns. The Forest Service may agree to apply this process to other roaded area projects, such as the Baht project, if it proves productive. The Forest Service is willing to begin these collaborative meetings promptly.

8. The RODs for the Threemile project and the North portion of the Chasina project will not be withdrawn, but the Forest Service will not offer sales from or otherwise implement those projects until 30 days after publication in the Federal Register of the notice of availability of the FEIS for the TLMP review process now underway unless the Forest Service designates a later effective date for the new plan, in which case the Forest Service will not offer sales from or otherwise implement those projects until the effective date designated by the Forest Service.

9. Nothing in this settlement agreement impairs the partial and interim settlements entered in *Natural Resources Defense Council v. United States Forest Service*, 1:03-cv-0029

5

(JKS) (D. Alaska), relating to the Buckdance/Madder and Fusion timber sale projects. Those timber sales and associated road contracts may proceed. Plaintiffs agree not to challenge those timber sale contracts and associated road contracts in this or other litigation.

10. The parties agree to request that the District Court enter a final judgment on the merits and an order of dismissal as to the remedy claims in *Natural Resources Defense Council v. United States Forest Service*, 1:03-cv-0029 (JKS) (D. Alaska). The order of dismissal will retain jurisdiction to enforce the terms of this settlement agreement.

11. The parties agree to request that the District Court enter a final judgment on the merits of Counts I, II, III, and X of the Complaint and an order of dismissal as to the remedy claims in *Southeast Alaska Conservation Council v. United States Forest Service*, 1:06-cv-005 (JWS) (D. Alaska). The order of dismissal will retain jurisdiction to enforce the terms of this settlement agreement and will provide that Counts IV through IX of the Complaint are dismissed without prejudice.

12. The parties agree to request that the District Court enter an order of dismissal as to the remedy claims on Counts I through IV of the First Amended Complaint in *Organized Village of Kake v. United States Forest Service*, 1:04-cv-0029 (JKS) (D. Alaska). The order of dismissal will retain jurisdiction to enforce the terms of this settlement agreement. This agreement does not preclude litigation of site-specific claims relating to the Threemile project. Once the District Court enters the order of dismissal described in this paragraph, the parties in that case shall promptly request the Court to adopt a schedule for completion of briefing on Counts V and IX.

13. The parties will stipulate to dismissal of *Natural Resources Defense Council v. United States Forest Service*, 1:04-cv-0010 (JKS) (D. Alaska), without prejudice, with all parties to bear their own costs and attorney's fees.

14. This settlement agreement shall become effective when all of the signatures required below have been obtained.

15. Once this settlement agreement becomes effective, the parties will promptly request the Ninth Circuit mediator to remand the appeal and cross-appeal in *Natural Resources Defense Council v. United States Forest Service*, Nos. 06-35952 and 06-36068, to the District Court for approval of this settlement agreement and entry of the proposed judgments and orders described in paragraphs 10-12 above, without prejudice to reinstatement of the appeals within 120 days of the date of the remand order in the event the District Court does not enter the proposed judgments and orders in any of these actions within 90 days of the date of the remand order.

16. Once the action has been remanded to the District Court, the parties shall promptly and jointly file motions for approval of the settlement agreement and entry of the proposed orders of dismissal and final judgments described in paragraphs 10-12.

17. In the event of a disagreement between the parties concerning any aspect of this settlement agreement, the dissatisfied party shall provide the other party with written notice of the dispute and a request for negotiations. The parties shall meet and confer in order to attempt to resolve the dispute within seven days of the written notice, or at such time thereafter as is mutually agreed. If they are unable to resolve the dispute within fifteen days of such meeting, any party may file a motion to enforce the terms of the settlement agreement or for other specific relief. However, should it appear that irreparable harm is ongoing or is likely to occur within thirty days from the time a party learns of such harm, the party may, after providing written notice to the other parties, file a motion to enforce the provisions of this settlement agreement without complying with the discussion and resolution provisions of this paragraph. The parties

7

agree that contempt of court is not an available remedy under this settlement agreement or the orders of dismissal.

18. This settlement agreement shall be void if the Ninth Circuit, within 60 days from the effective date of this settlement agreement, fails to remand this action to the District Court for entry of the proposed judgments and orders of dismissal, or if the District Court fails to approve the settlement and enter each of the proposed judgments and orders of dismissal within 90 days from the date of the remand order from the Ninth Circuit, provided that the parties may reinstate their appeals as provided in paragraph 15 in the event the District Court does not approve the settlement and enter the proposed judgments and orders of dismissal within that time.

19. This settlement agreement and the orders of dismissal shall not be interpreted to require the expenditure of funds not appropriated by Congress.

20. This settlement agreement and the orders of dismissal are entered into for the sole purpose of settling the claims in these actions relating to a determination of the appropriate remedy for the defects in the revised Tongass Land Management Plan (TLMP) found by the Ninth Circuit in *Natural Resources Defense Council v. United States Forest Service*, 421 F.3d 797 (9th Cir. 2005). This settlement agreement and the orders of dismissal shall become a part of the record in each of these actions. This settlement agreement and the orders of dismissal shall not be evidence of any agreement by any party to any allegation raised by any other party in any of these cases, or of a waiver by, or an admission against, any party.

21. This settlement agreement and the orders of dismissal do not constitute an admission of liability and will not prejudice or otherwise affect the rights of any of the parties with respect to any other litigation or factual situation except as expressly provided herein.

22. Except as provided in paragraph 13, this settlement agreement and the orders of dismissal shall not affect the plaintiffs' right to submit, or the defendants' right to oppose, applications for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412.

23. This settlement agreement and the orders of dismissal shall be binding on the parties, their officers, agents, successors and assigns and those in privity therewith.

24. This agreement may be executed in any number of counterparts and by any combination of the signing entities, each of which counterparts shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

Dated:_____

THOMAS S. WALDO
Attorney for Plaintiffs in All Actions

Dated: *April 4, 2007*

*[signature]*
BRUCE M. LANDON
Attorney for Federal Defendants in All Actions

Dated:_____

STEVE W. SILVER
Attorney for Alaska Forest Association

Dated:_____

KEVIN SAXBY
Attorney for State of Alaska

22. Except as provided in paragraph 13, this settlement agreement and the orders of dismissal shall not affect the plaintiffs' right to submit, or the defendants' right to oppose, applications for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412.

23. This settlement agreement and the orders of dismissal shall be binding on the parties, their officers, agents, successors and assigns and those in privity therewith.

24. This agreement may be executed in any number of counterparts and by any combination of the signing entities, each of which counterparts shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

Dated: _____

_____
THOMAS S. WALDO
Attorney for Plaintiffs in All Actions

Dated: April 4, 2007

_____
BRUCE M. LANDON
Attorney for Federal Defendants in All Actions

Dated: _____

_____
STEVE W. SILVER
Attorney for Alaska Forest Association

Dated: 4/5/07

_____
KEVIN SAXBY
Attorney for State of Alaska

22. Except as provided in paragraph 13, this settlement agreement and the orders of dismissal shall not affect the plaintiffs' right to submit, or the defendants' right to oppose, applications for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412.

23. This settlement agreement and the orders of dismissal shall be binding on the parties, their officers, agents, successors and assigns and those in privity therewith.

24. This agreement may be executed in any number of counterparts and by any combination of the signing entities, each of which counterparts shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

Dated: 4/5/07

THOMAS S. WALDO
Attorney for Plaintiffs in All Actions

Dated: April 4, 2007

BRUCE M. LANDON
Attorney for Federal Defendants in All Actions

Dated:_____

STEVE W. SILVER
Attorney for Alaska Forest Association

Dated:_____

KEVIN SAXBY
Attorney for State of Alaska

9

22. Except as provided in paragraph 13, this settlement agreement and the orders of dismissal shall not affect the plaintiffs' right to submit, or the defendants' right to oppose, applications for attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412.

23. This settlement agreement and the orders of dismissal shall be binding on the parties, their officers, agents, successors and assigns and those in privity therewith.

24. This agreement may be executed in any number of counterparts and by any combination of the signing entities, each of which counterparts shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

Dated: _____

THOMAS S. WALDO
Attorney for Plaintiffs in All Actions

Dated: April 4, 2007

BRUCE M. LANDON
Attorney for Federal Defendants in All Actions

Dated: Apr 9, 2007

STEVE W. SILVER
Attorney for Alaska Forest Association

Dated: _____

KEVIN SAXBY
Attorney for State of Alaska

9